Dear Superintendent Picard:
This office is in receipt of your opinion request in which you seek clarification regarding the Louisiana State Board of Elementary and Secondary Education's role under the Louisiana Constitution and companion statutes, in the distribution of Educational Excellence Fund ("EFF") money. Specifically you stated:
 Under the above provisions if the Louisiana Constitution, the Department of Education reviewed the plans of recipient schools and school systems, and submitted the results of its review to BESE of its information. The State Board is requesting that an Attorney General Opinion address its role in the distribution of EEF money.
The State Board of Elementary and Secondary Education ("BESE") was created by and its powers emanate from Louisiana Constitution Article 8, § 3. Part A states:
 Creation; Functions. The State Board of Elementary and Secondary Education is created as a body corporate. It shall supervise and control the public elementary and secondary schools and special schools under its jurisdiction and shall have budgetary responsibility for all funds appropriated or allocated by the state for those schools, all as provided by law. The board shall have other powers, duties, and responsibilities as provided by this constitution or by law, but shall have no control over the business affairs of a parish or city school board or the selection or removal of its officers and employees (Emphasis supplied).
The BESE is given the constitutional authority to determine educational policy for the public schools in the state. Board of Elementary andSecondary Education v. Nix, 347 So.2d 147, 150 (1997). They are also given budgetary responsibility, "all as provided by law," for all funds appropriated or allocated by the state for those schools under BESE's authority. "All as provided by law" means as "provided by legislation;" a law is the solemn expression of legislative will. Id. at 151. The board is given the constitutional power to determine educational policy for the public schools of the state. In this regard, the superintendent's responsibility is to implement the policies adopted by the board. The superintendent is the administrative head of the department of education. The legislature, however, is given power to provide for the allocation, as between the Board and the superintendent, of administration duties with regard to budgetary responsibility for, and supervision and control of, the public schools of the state. Id. at 150.
This grant of authority to BESE is not unfettered and is subject to laws passed by the Legislature. Aguillard v. Treen, 440 So.2d 704 (La. 1983) and Rankins v. Louisiana State Board of Elementary and SecondaryEduc., App. 1 Cir. 1994, 637 So.2d 548, 1993-1987 (La.App. 1 Cir. 3/17/94), writ denied 1994-0783 (La. 4/12/94) 635 So.2d 250, certioraridenied 115 S.Ct. 195, 513 U.S. 871, 130 L.Ed.2d 127. For example, the Louisiana Supreme Court has ruled that there was no unconstitutional invasion of the board's policy making functions by the delegation of certain administrative functions to the department. The Court ruled that this was "merely a legislative determination of an appropriate manner by which to administer the application of the board's standards to the educational units governed thereby." Board of Elementary and SecondaryBd. v. Nix, at 154.
In 1999, the Louisiana Legislature enacted legislation which approved the Tobacco Settlement and made provision for the distribution of funds received by the settlement. Act No. 1392 of the 1999 Regular Session, created the Millennium Trust and the Louisiana Fund by adding Sections10.8, 10.9 and 10.10 in Article VII of the Constitution of Louisiana of 1974. Act No. 1295 of the 1999 Regular Session, provided for the distribution of the tobacco settlement proceeds by enacting La.R.S.39:98.1-98.6. These statutes comprise the totality of legislation regarding the tobacco settlement proceeds, its distribution to the EEF, and eventually, to the individual school districts who receive money from the EEF.
Your question specifically relates to BESE's responsibility and/or authority under the legislation enacted in 1999. Section 10.8 of ArticleVII of the Constitution of Louisiana and La.R.S. 39.98.3, specifically mention BESE and defines its role in the distribution of EEF. Louisiana Constitution Article VII, § 10.8 specifically provides for the procedure that is to be used for distribution from the EEF. BESE is mentioned three times in this section of the Constitution. First, at 10.8(C)(3)(a) where the law provides that fifteen percent of the monies available from the EEF shall be appropriated to the state superintendent "on behalf of all children attending private elementary and secondary schools that have been approved by the State Board of Elementary andSecondary Education" (Emphasis supplied; also found at La.R.S.39:98.3(C)(1)). Secondly, at 10.8(C)(3)(c) where the law provides that an appropriation shall be made for independent public schools "which have been approved by the State Board of Elementary and Secondary Education"
(Emphasis supplied; also found at La.R.S. 39:98.3(C)(3)). Lastly, BESE is mentioned at 10.8(C)(3)(d)(ii) where the law provides that the amount appropriated to the public schools shall be "proportionate to each school's share of the Minimum Foundation Program appropriation as contained in the most recent Minimum Foundation Program budget letter approved by the State Board of Elementary and Secondary Education" (Emphasis supplied; also found at La.R.S. 39:98.3(C)(4)(b)). In all these instances, BESE's role is to work in conjunction with and in support of the roles mandated to the state superintendent of the Department of Education and the Louisiana Legislative Committees on Education.
After thoroughly reviewing all EEF legislation enacted in 1999, it is the opinion of this office that BESE does not have a direct role that is constitutionally or statutorily mandated in the distribution of EEF money. BESE's role, as mandated by the constitution and statutory law, requires that it work in conjunction with and in support of the roles mandated to the state superintendent of the Department of Education and the Louisiana Legislative Committees on Education.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:_____________________________ Veronica L. Howard Assistant Attorney General
RPI:VLH:lrs
DATE RELEASED: July 31, 2003